United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Irina Astafieva, | NO. C 06-04820 JW |
| Plaintiff, | **ORDER STAYING ACTION FOR SIXTY DAYS PENDING DEFENDANTS' COMPLETION OF A BACKGROUND INVESTIGATION ON PLAINTIFF** |
| v. | |
| Alberto Gonzales, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Irina Astafieva ("Plaintiff") filed this action pursuant to 8 U.S.C. § 1447(b) for a declaratory judgment that she is entitled to be naturalized. On November 22, 2006, the Court granted Plaintiff's petition for a hearing on her naturalization application and directed the parties to submit briefing by January 8, 2007. Presently before the Court are the parties' responses to the Court's November 22, 2006 Order. The Court found it appropriate to take the matter under submission without oral arguments. See Civ. L.R 7-1(b). Based on the papers submitted to date, the Court STAYS this action for sixty days to allow Defendants time to complete required background checks on Plaintiff.

## II. BACKGROUND

Plaintiff is a lawful permanent resident of the United States who filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS") on September 6, 2003. (Declaration of Ila C. Deiss in Support of Defendants' Pre-Hearing Memorandum of Law

and Request for Remand with Instructions ¶ 2, Ex. A, hereafter, "Deiss Decl.," Docket Item No. 24.) On October 3, 2003, USCIS submitted a "name check" request for Plaintiff's name to the National Name Check Program Section of the Federal Bureau of Investigation ("FBI"). (Declaration of Michael A. Cannon ¶ 21, hereafter, "Cannon Decl.," Docket Item No. 25.) On May 6, 2004, Plaintiff attended a naturalization interview at USCIS' San Jose office. (Plaintiff's Memorandum to the Court, Ex. A, hereafter, "Plaintiff's Response," Docket Item No. 22.) She passed the English language proficiency test and demonstrated her knowledge of United States history and government. Id. However, USCIS informed Plaintiff that it could not complete the processing of her application until the FBI finished conducting her background check. Id. As of January 2007, the FBI has not completed Plaintiff's background check, nor has it provided an estimated date of completion. (Cannon Decl. ¶ 21; Plaintiff's Response at 3.)

## III.  STANDARDS

A lawful permanent resident alien is eligible for naturalization as a United States citizen if she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of her application to the time of her admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). The applicant first files a Form K-400 application for naturalization. 8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.2, 316.4. USCIS then conducts a background investigation of the applicant, including a review of immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Lastly, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

In 1997, Congress began to require a criminal background investigation of all applicants for naturalization:

> During fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

2

1 P.L. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448.  In response, USCIS adopted a regulation
2 requiring that an initial examination on an applicant's naturalization application occur only after
3 USCIS has received a definitive response from the FBI that a full criminal background check of the
4 applicant has been completed.  8 C.F.R. § 335.2(b).

## IV.  DISCUSSION

### A.  Jurisdiction

USCIS must make a determination on a naturalization application pursuant to 8 U.S.C. § 1446 within 120 days after it conducts a naturalization examination.  8 U.S.C. § 1447(b).  If it fails to do so, the applicant may apply to the federal district court for the district in which the applicant resides for a hearing on the matter.  Id.  The district court assumes jurisdiction over the matter and may either determine the matter or remand it, with appropriate instructions, to USCIS.  Id.; see, e.g. El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005).

Plaintiff's examination occurred on May 6, 2004.  Thus, the 120 day statutory period for USCIS to make a determination on her application expired in September 2004.  Accordingly, the Court has jurisdiction of this action.

### B.  Available Relief

Plaintiff contends that the Court should make a final determination on her application for naturalization.  (Plaintiff's Response at 4-6.)  Defendants contend that the Court should remand the case to USCIS with instructions to complete the processing of Plaintiff's application expeditiously after receipt of the FBI's name check results.  (Defendant's Pre-Hearing Memorandum of Law and Request for Remand with Instructions at 6, hereafter, "Defendant's Response," Docket Item No. 23.)

Many federal district courts have recently faced cases in which a plaintiff has submitted a petition for naturalization and has successfully completed a naturalization interview and passed all tests.  However, the plaintiff's application has been pending for years without approval due to lengthy delays in the FBI's "name check" procedure.  Given these facts, a majority of courts have declined to make an immediate determination of the plaintiff's naturalization application.  This is

1  because Congress intended that an FBI background check should be completed prior to the
2  adjudication of each naturalization application, and the courts are "not equipped to conduct the kind
3  of investigation required to determine whether an applicant presents a risk to national security or
4  public safety."  See Aslam v. Gonzales, No. C06-614MJP, 2006 U.S. Dist. LEXIS 91747, *6 (W.D.
5  Wash. Dec. 19, 2006); see also El-Daour, 417 F. Supp. 2d at 684; Essa v. U.S. Citizen &
6  Immigration Serv., No. 05-1449, 2005 U.S. Dist. LEXIS 38803, *8 (D. Minn. Dec. 14, 2005);
7  Tyomkina v. Gonzalez, No. C06-1306JLR, 2006 U.S. Dist. LEXIS 80845, *3 (W.D. Wash. Nov. 6,
8  2006).

9       In such cases, there are two competing interests: the government's interest in public safety
10  and national security, and the plaintiff's individual interest in having her naturalization application
11  adjudicated.  A number of courts in this circuit have balanced the competing interests by staying the
12  plaintiff's action, or otherwise giving the government a specified number of days to complete the
13  FBI name check and grant or deny the plaintiff's application pursuant to 8 U.S.C. § 1446.  If USCIS
14  has not taken final action on the plaintiff's application by the date specified by the court, the court
15  will take further action, including decision of plaintiff's naturalization application on the merits.
16  See, e.g., Aslam, 2006 U.S. Dist. LEXIS 91747, *7-8; Tyomkina, 2006 U.S. Dist. LEXIS 80845, *5;
17  Ahmadi v. Chertoff, No. 06 CV-1808 W, 2006 U.S. Dist. LEXIS 78545, *3-4 (S.D. Cal. Oct. 13,
18  2006); Said v. Gonzalez, No. C 06-986 P, 2006 U.S. Dist. LEXIS 67750, *10-11 (W.D. Wash. Sept.
19  21, 2006); Al-Kudsi v. Gonzalez, No. CV 05-1584 PK, 2006 U.S. Dist. LEXIS 16761, *11-12 (D.
20  Or. Mar. 22, 2006).

21       In this case, Plaintiff's application has been pending for thirty-two months since her
22  naturalization interview was completed, and Defendants have provided no indication when action
23  might be taken on her application.  (Plaintiff's Response, Ex. A.)  Plaintiff's name check
24  investigation has been pending before the FBI for thirty-nine months.  (Cannon Decl. ¶ 21.)  Plaintiff
25  submitted a Freedom of Information Act request to the FBI for all records concerning her in July
26  2006.  (Plaintiff's Response, Ex. B.)  In September 2006, the FBI provided partially redacted records
27
28       4

to Plaintiff's counsel. <u>Id.</u> The records disclose no information that should prevent Plaintiff from becoming a naturalized citizen. <u>Id.</u> Accordingly, the Court follows the precedent established by the above-cited courts.

### V.  CONCLUSION

The Court stays this action for sixty days to allow the government time to complete the FBI name check. USCIS shall use all available means to expedite this process. The parties shall file a joint status report by **March 26, 2007**. If the FBI has completed its name check, the Court will remand this case to USCIS with instructions to make a determination on Plaintiff's naturalization application pursuant to 8 U.S.C. § 1446. If the FBI has not completed its name check, Defendants shall appear on **Monday, April 2, 2007 at 9 AM** to show cause why Plaintiff should not be immediately naturalized.

Dated:  January 11, 2007

JAMES WARE
United States District Judge

5

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Angela Dee Bortel abortel@youradvocate.net
Benjamin Cole Thurmond bthurmond@youradvocate.net
Christopher Anthony Kerosky ckerosky@youradwokat.com
Edward A. Olsen edward.olsen@usdoj.gov
Ila Casy Deiss ila.deiss@usdoj.gov

**Dated: January 11, 2007**                                   **Richard W. Wieking, Clerk**

                                                    **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California