United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Irina Vladimirovna Astafieva,<br><br>　　　　Plaintiff,<br>　v.<br>Alberto Gonzales, et al.,<br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | NO. C 06-04820 JW<br><br>**ORDER GRANTING PLAINTIFF'S NATURALIZATION APPLICATION; STAYING ORDER FOR SIXTY DAYS** |

## **I. INTRODUCTION**

Plaintiff Irina Astafieva ("Plaintiff") filed this action pursuant to 8 U.S.C. § 1447(b) for a declaratory judgment that she is entitled to be naturalized. (See Docket Item No. 1.) On November 22, 2006, the Court granted Plaintiff's petition for a hearing on her naturalization application and directed the parties to submit briefing by January 8, 2007. (See Docket Item No. 21.) The parties agreed to and the Court granted a sixty day stay pending Defendants' completion of a background investigation on Plaintiff. (See Docket Item No. 27.) On March 26, 2007, the parties filed a joint status report informing the Court that the FBI has yet to complete its background investigation. (See Docket Item No. 28.)

On April 2, 2007, the Court conducted a hearing on an order to show cause why Plaintiff should not be immediately naturalized. Based on the authority vested to the Court by Title 8 U.S.C. § 1447(b), the Court GRANTS Plaintiff's naturalization application; this Order is stayed for sixty days.

## II.  BACKGROUND

Plaintiff is a lawful permanent resident of the United States who filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS") on September 6, 2003.  (Declaration of Ila C. Deiss in Support of Defendants' Pre-Hearing Memorandum of Law and Request for Remand with Instructions ¶ 2, Ex. A, hereafter, "Deiss Decl.," Docket Item No. 24.) On October 3, 2003, USCIS submitted a "name check" request for Plaintiff's name to the National Name Check Program Section of the Federal Bureau of Investigation ("FBI").  (Declaration of Michael A. Cannon ¶ 21, hereafter, "Cannon Decl.," Docket Item No. 25.)  On May 6, 2004, Plaintiff attended a naturalization interview at USCIS' San Jose office.  (Plaintiff's Memorandum to the Court, Ex. A, hereafter, "Plaintiff's Response," Docket Item No. 22.)  She passed the English language proficiency test and demonstrated her knowledge of United States history and government. Id.  However, USCIS informed Plaintiff that it could not complete the processing of her application until the FBI finished conducting her background check.  Id.  As of January 2007, the FBI has not completed Plaintiff's background check, nor has it provided an estimated date of completion. (Cannon Decl. ¶ 21; Plaintiff's Response at 3.)

As a preliminary matter, Plaintiff brings this suit against the following individuals:

1. Alberto Gonzales, Attorney General of the United States;
2. Michael Chertoff, Secretary of the Department of Homeland Security;
3. Emilio T. Gonzalez, Director of United States Citizenship and Immigration Services;
4. David N. Still, District Director of United States Citizenship and Immigration Services;
5. Linda Fernandez, Acting Director of Benefits United States Citizenship and Immigration Services San Jose Sub-Office;
6. Robert S. Mueller, III, Director of Federal Bureau of Investigations.

Plaintiff also names as Defendants the United States Department of Justice, United States Department of Homeland Security, United States Citizenship and Immigration Services, and Federal

Bureau of Investigations. Since March 1, 2003, the Department of Homeland Security is the agency responsible for implementing the Immigration and Nationality Act. (Petition ¶ 48.) Accordingly, the only relevant Defendant is Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security. The Court DISMISSES all other Defendants.

The Court proceeds to consider Plaintiff's application.

## III. DISCUSSION

A lawful permanent resident alien is eligible for naturalization as a United States citizen if she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of her application to the time of her admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). The applicant first files a Form K-400 application for naturalization. 8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.2, 316.4. USCIS then conducts a background investigation of the applicant, including a review of immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Lastly, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

In 1997, Congress began to require a criminal background investigation of all applicants for naturalization:

> During fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

P.L. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448. In response, USCIS adopted a regulation requiring that an initial examination on an applicant's naturalization application occur only after USCIS has received a definitive response from the FBI that a full criminal background check of the applicant has been completed. 8 C.F.R. § 335.2(b).

USCIS must make a determination on a naturalization application pursuant to 8 U.S.C. § 1446 within 120 days after it conducts a naturalization examination. 8 U.S.C. § 1447(b). If it fails

3

to do so, the applicant may apply to the federal district court for the district in which the applicant resides for a hearing on the matter. Id. The district court assumes jurisdiction over the matter and may either determine the matter or remand it, with appropriate instructions, to USCIS. Id.; see, e.g. El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005).

Plaintiff's examination occurred on May 6, 2004. Thus, the 120 day statutory period for USCIS to make a determination on her application expired in September 2004. Accordingly, the Court has jurisdiction of this action.

Plaintiff contends that the Court should make a final determination on her application for naturalization. (Plaintiff's Response at 4-6.) Defendants contend that the Court should remand the case to USCIS with instructions to complete the processing of Plaintiff's application expeditiously after receipt of the FBI's name check results. (Defendant's Pre-Hearing Memorandum of Law and Request for Remand with Instructions at 6, hereafter, "Defendant's Response," Docket Item No. 23.)

A district court has, under § 1447(b), "the power to pursue either of two options." See United States v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004). The district court can either "determine the matter," i.e., "make a naturalization decision," or it can "remand the matter" for determination. See id. Zhai v. United States Citizenship & Immigration Servs., 2004 U.S. Dist. LEXIS 18029 (N.D. Cal. 2004)

In this case, Plaintiff's application has been pending for thirty-five months since her naturalization interview was completed, and Defendants have provided no indication when action might be taken on her application. (Plaintiff's Response, Ex. A.) Plaintiff's name check investigation has been pending before the FBI for thirty-nine months. (Cannon Decl. ¶ 21.) Plaintiff submitted a Freedom of Information Act request to the FBI for all records concerning her in July 2006. (Plaintiff's Response, Ex. B.) In September 2006, the FBI provided partially redacted records to Plaintiff's counsel. Id. The records disclose no information that should prevent Plaintiff from becoming a naturalized citizen. Id.

4

At the hearing, the government indicated that it had information which might be relevant to the issue but which it was not at liberty to state on the public record. The Court conducted an *in camera* hearing under seal. Given the information revealed *in camera*, the Court finds that there is no good cause for further delay in granting Plaintiff's petition.

### IV. CONCLUSION

The Court GRANTS Irina Vladimirovna Astafieva's Application for Naturalization. The Court Orders Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security, or his designated officer, to administer the Oath of Citizenship to Irina Vladimirovna and upon her giving the Oath, orders issuance of a Certificate of Naturalization.

This Order is stayed until June 4, 2007 of which the stay is automatically lifted, unless otherwise ordered.

Plaintiff is entitled to reasonably attorney's fees and costs.

Dated: April 2, 2007

JAMES WARE  
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Angela Dee Bortel abortel@youradvocate.net
Benjamin Cole Thurmond bthurmond@youradvocate.net
Christopher Anthony Kerosky ckerosky@youradwokat.com
Edward A. Olsen edward.olsen@usdoj.gov
Ila Casy Deiss ila.deiss@usdoj.gov

**Dated:  April 2, 2007**                                                           **Richard W. Wieking, Clerk**

                                                                                    **By:   /s/ JW Chambers**
                                                                                         **Elizabeth Garcia**
                                                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California